Whenever you're ready, Mr. Denison. Good morning, Your Honor. Thank you. May it please the Court, my name is Patrick Denison, and I represent the petitioner, Dickinson-Russell Coal Company, in this matter. Dickinson-Russell is asking you to reverse the administrative law judge's decision on summary decision, finding that Dickinson-Russell violated 50.20 because no violation occurred. The injury to the employee of Bates Contracting and Construction was accurately and timely reported on an MSHA Mine Accident Injury Illness Report form, also known as the 7001 form. Dickinson-Russell, by having Bates report on the 7001 form, Dickinson-Russell wasn't attempting to exonerate itself from the duties under the Mine Act, but it was responsibly coordinating its efforts to report injuries accurately and timely, as provided by 50.20. Was Dickinson an operator? Dickinson-Russell is an operator, and so is Bates. Does the regulation impose a duty on the operator to report? The regulation says, in relevant part, each operator is to report. Doesn't that end the matter? No, Your Honor, I don't think it does, because Bates is also an operator. It doesn't matter whether they're an operator. The question is whether Dickinson's an operator and whether they filed a report. Well, the 50.20 also does not say that each and every operator, or that it requires double reporting. But don't we defer? If it's ambiguous, don't you still lose because we defer to the Secretary of Labor's interpretation? It has to be a reasonable interpretation, Your Honor. They have a good reason. The reason is they want to attribute various accidents to various operators, to keep statistics in that fashion, and they said each operator. Right, Your Honor. They didn't say, talk about double reporting. They said each operator has to report an accident. Right, Your Honor, but that was done in this case. If you look at the 7001 form, the MSHA mine ID for the operator, who was Dickinson-Russell, is on there. And also there's a contract. You're suggesting they did report? The Bates, the contractor. The operator. Did the operator, Dickinson, report the accident? The operator, Dickinson, did not report the injury. Okay, well, it seems to me when the regulation says that each operator shall report, I don't know how you get around it. Well, each operator, Your Honor, in Section 3 of the Mine Act, operator is defined. I'm looking at the regulation, which may narrow the statutory deposition for this purpose. Well, the statutory definition of operator was added in 1977. I understand, but we have a regulation that specifically defines operator to include Dickinson. Yes, Your Honor. Okay. But each operator, I don't understand. I mean, I guess your argument is the statute defines it more broadly to include independent contractor, and therefore an independent contractor can discharge the duty. But that isn't what the reg says. Right, Your Honor, but what happened here is the injury was reported. The injury was reported by Bates. That isn't what the statute or reg requires. It doesn't say that it has to be reported by someone. And they gave a good reason as to why they wanted each operator. But that reason in this case is unfounded. Why? Because when Bates reports the injury on a 7001 form, the MSHA mine ID, which is related to Dickinson-Russell at the Roaring Fork No. 4 mine, is on that form. It was Bates' ID, didn't they? No, the MSHA mine ID is on that form. It was Bates' ID. The Bates' ID is also on that form, Your Honor. So what it tells MSHA is that the injured miner was, in fact, an employee of the contractor, so it's monitoring that. It also tells you where the injury occurred. Your argument is this. You recognize the reg requires each operator to report. But you say because the independent contractor reported, the operator need not report because there would be double reporting. Now, that's just a logical interpretation of practice, which is not prescribed by the reg. And you're saying it's irrational to require double reporting. And they came in and gave an explanation as to why not. It assists them in keeping records, and their records are set up in a way which they assign accidents to each person. So regardless of whether, the only thing you can argue is that's irrational. And the regs, they're unfounded. But the reg on its face, I haven't heard you say any reason why the reg shouldn't be enforced. Because each operator doesn't mean double reporting. It doesn't. Each operator could mean each operator where there's an injury or each operator as the employer of the injured minor. It doesn't say that. Because they're referring to each operator presumably across the board of operators. But in this case, we have an operator who accurately and timely reported the injury. The contractor does not satisfy that reg's 50.20 definition of operator. We don't have to decide that question, whether Bates is an operator. I mean, they may have been a gratuitous reporter. It could have been, as a matter of fact, an employee could have filed a report. I don't know what effect it would have had. But the reg clearly defines operator to mean, in this case, only that. Your Honor, and that is what the ALJ in this case decided. Tell me, let's look at the reg, language of the reg, the definition of operator. Yes, sir. And does it include anybody but Dickinson in this case? It's any owner, lessee, or other person who operates, controls, or supervises a coal or other mine. That is the regulatory definition. And Dickinson is the only person controlling and operating this mine. But, Your Honor, the Secretary's position, I believe, is different, and MSHA's position is different than what the ALJ has held. The Secretary is saying, we don't have to decide whether or not an independent contractor is required to report this because the question is, did Dickinson Russell report? Well, that's not the way that this has been interpreted, and that's not the way it's been applied by MSHA. In fact, their program policy manual discusses independent contractors working at mines are required to comply with all provisions of Part 50. That's what it says, all provisions. That indicates to me whether that's proper or not and whether Bates should have reported or not doesn't address the question. I guess your whole argument is saying that a reg doesn't mean what it says, each operator shall report, because it would be double reporting in this case. That's what you're saying. And Congress didn't create, I mean, the department didn't create that exception. But it also doesn't say that it requires double reporting. It just says that each operator, and in this case, Bates was the operator as defined by Section 3 of the Mine Act. Could I ask a factual question? Because it seems to me that I'm a little baffled by your argument. Both IDs are on the form, right? Bates' ID and Dickinson's ID. Yes, Your Honor. And so for practical purposes, you could both have reported. Couldn't you both have submitted the identical form because both IDs are on that form? Your Honor, in fact, that's what happened in this case. About two months after. Two months after. But my question is, why isn't your argument, it seems to me, instead of taking issue with the language of the regulation, which seems pretty clear, your argument might be that Dickinson-Russell did report it because its ID is also on that form. And so for whatever purposes the Department of Labor needed the information regarding Dickinson-Russell, it was there. Yes, Your Honor. Dickinson-Russell. I don't know if that argument. Dickinson-Russell, in fact. I don't know if that argument necessarily carries the day because you didn't file it simultaneously, and you really didn't make that argument. If I may, Your Honor. No. Dickinson-Russell had a policy where they coordinated their efforts with their independent contractors to report. It was, if you're an employee of an independent contractor, you report the injury. If it's a Dickinson-Russell employee. Do you satisfy the requirement that the safety manager sign it? I'm sorry? Isn't there a requirement in the reg that the safety manager of the mine sign the report? Well, and so if that occurs and the safety manager. If every report filed, the safety manager has to sign it, right? The reg says that. Yes, the person, the responsible person. And Bates just had a human resources person. That was not the mine person. That was the mine safety person. Right, but it could be the responsible. They had a reason for doing that, too. I'm sorry, Your Honor. It could be the responsible person for Bates who was charged with signing that form. Why don't you stick with the reg? The language of the regulation. But the statutory definition of operator, Your Honor, I believe controls in this matter. There is a principal officer in charge of health and safety at the mine. Yes, Your Honor. Has to sign it. Yes, Your Honor. Did that occur? That occurred, yes, and with Dickinson-Russell filling out the form, essentially what they did was they crossed out Bates' name. They didn't comply in the first instance. They were charged with not filing in the first instance. Nobody has suggested that their compliance later ends this case. Yes, well, they have to comply because you have to. The citation that's been issued, you don't necessarily have the mechanism to challenge it immediately. So we really need to look at the first filing there, and it says, Company, Bates Contracting. It does have the mine identification, but it has the contractor, which is Bates' number, and it's signed by Cecilia Bates, Human Resources. Yes, Your Honor. Now, none of those things complies with the regulation. But it's an operator reporting an injury to an employee as prescribed by 50.20. And, in fact, if you want to go back to MSHA's Program Policy Manual, they actually put in here that in order to assure accurate reporting and record keeping and to avoid duplication, it is important that production operators and their independent contractors carefully coordinate their Part 50 responsibilities. What that tells me is that MSHA's not saying you all both have to report the injury. An operator has to report it. And in this case, Dickinson, Russell, and Bates took it upon themselves to ensure that accurate and timely reporting was done. And the cases relied on by the Secretary to say, you know, Dickinson, Russell, or we have the ability to cite both a contractor and an operator doesn't apply in this case. But the problem that I have, in addition to what appears to be a fairly specific regulation that applies to each operator, you also, when you suggest that that doesn't comport with your reading of the statute as a whole, you still fall back into the problem that the Secretary of Labor's position is entitled to deference where there is some ambiguity. So I don't think the fact that there is, in your view, a disconnect or an inconsistency with the regulation and other portions of the Act gets you very far. Well, Your Honor, I think if you're referring to our deference in terms of a regulatory's agency ability to interpret their own regulation, I think this, if you look back at the recent decision in Decker versus Northwest Environmental, there are some serious questions about giving deference to an agency's own regulatory interpretation of their regulation. And in this case, I think it couldn't be more clear that this is becoming an issue because they're trying to expand the definition of operator and using Section 3 to include independent contractors and the like, yet when they... But that's not your challenge. It seems to me your challenge here is to the language of the regulation that clearly applies to every operator. It says each operator, Your Honor. It doesn't say every operator. Well, each operator means... Each could presumably mean each operator who has an injured employee. It could mean each operator who is an operator under the Mine Act, which we believe would be Section 3. That wouldn't apply to... To report the injury to Bates' employee. I don't think it would be more clear. It says each operator shall report each accident, occupational injury, or occupational illness at the mine. Your Honor. It seems to me that that is as clear as a bell. There's no ambiguity. I'm out of time, Your Honor. Would you like me to... I don't understand how you're trying to create, muffle up language straight on. And then the next sentence, it says the principal officer responsible for safety at the mine shall sign it. Now, those are two requirements. Each operator shall report each injury at the mine, and the principal safety officer shall sign the report. Can I answer your question, Your Honor? Please do. Well, when Part 50 was enacted, it was the... They used the 1969 Act's definition of operator. The language sits here. You're not challenging the legitimacy of the regulation, are you? No, I'm not challenging it. In fact, Your Honor, if nobody had reported this injury, you could have cited under your case in speed mining, the Fourth Circuit decision in, I believe, 2008, you could have cited both Dickinson-Russell and Bates Contracting. But in this case, we have the requirement from Part 50.20 was fulfilled in that the injury was accurately and timely reported and had all of the information required on the 7,000... It wasn't signed by the operator and it wasn't signed by the safety officer and it wasn't filed by the operator. Well, that has never... All three of those things are problematic with what was done. And that has never been brought by the secretary. That's why you recited. We recited because Dickinson-Russell had coordinated their efforts and there was a timely report of an injury. Thank you. Thank you, Mr. Lord. Good morning. May it please the court. Samuel Lord on behalf of the U.S. Secretary of Labor. As this court's already recognized, well, it's the secretary's position that the meaning here is plain. The terms are unambiguous. When it says each operator shall report each injury, it would certainly include the owner-operator of the mine. Could I ask, looking at the language of the regulation, you're right. Each operator shall report each accident. It's pretty clear. Would it have been possible, but it doesn't. It says the principal officer in charge of health and safety at the mine or the supervisor shall sign, shall complete or review the form. It doesn't appear. It appears that the same supervisor at the mine could have signed it on behalf of Dickinson. Would the problem here have been addressed if the form as submitted had said Bates on behalf of Dickinson because both IDs are there under the language? No, Your Honor. First, I should say at the beginning, it's not clear whether or not Bates Contracting is an operator, and therefore it's not clear whether or not they had any. They don't fit the definition under 50.2. The point was the factual record wasn't developed as to whether or not they control or supervise any aspect of the mine's operations. This Court has recognized in its speed mining decision that there may be multiple operators in a single mine. There's the overall production or owner-operator, as this Court referred to it in speed mining, and then there may be independent contractors who do exercise some kind of supervisory duties vis-à-vis a certain aspect of the mine's operations. So they could be an operator. And I do understand that, but assuming because the record isn't clear, if there were an entity like Bates operating the mine on behalf of, would it comply with 50.20? It appears that the reason I don't disagree with respect to the clarity of the regulation. I'm thinking in terms of the purpose it served. It does appear that these forms were identical and they had both ID numbers. So what would prevent, if Dickinson had timely done this, would it have been possible for Dickinson to comply by submit? They're not identical and it plays into an important point. It's an issue here in the case. As Judge Niemeyer noted, you had a human resources person at a temporary employment agency file this form. And then in order to obey the citation, the safety superintendent at the coal mine operator's office signed the form. I'm not trying to. I'm just asking is that a theoretical possibility under the regulation? No, and it goes to the important principle under the Mine Act that the owner-operator of a mine has the overall and ultimate responsibility for ensuring safe working conditions. One of the many purposes that this regulation serves is not just to notify MSHA of when an accident or injury occurs, but also to ensure that the mine operator, the entity that has ultimate responsibility for safety at the mine, knows about the injuries taking place at its mine. It cannot take efforts to avoid a recurrence if it doesn't know of the injuries. And this regulation serves the purpose of establishing an affirmative duty on the part of the operator and the principal officer in charge of safety at the mine to find out about the injuries occurring at its mine. And that would not be served by listing the ID number? Correct. That's why the signature of the third party, the entity, whoever it may be, isn't sufficient. But it does say any owner, lessee, or other person. It's not limited to an owner-operator. That's correct. And the speed mining decision that this court handed down a couple years ago discusses that the Fourth Circuit actually, back in the Coal Act, the predecessor to the Mine Act, recognized at a very early moment that there may be multiple operators at a single mine. And in that situation, how does this work? How would the reg work? Would they all submit the required 7,001? Are you referring to any independent contractor working at the mine? There are multiple site operators. If there are multiple operators at a single mine, as there can be. Right. What you'd look to is whether or not the independent contractor had some sort of supervisory responsibility for that aspect of the mine's operation that was involved in the injury. There may be multiple entities at a single mine which meet the definition of operator, but whether or not they meet the definition of operator for the purposes of reporting a particular injury would depend on their supervisory responsibilities and whether or not they were at all implicated in the injury there. However, that said, owner-operators are always operators under the Mine Act, and that's, of course, the pellet in this case. Okay. I'm not questioning that. I was just trying to get a sense of compliance with the regulation. And one more question. Sure. The deference, what do we do about the deference to a regulation when there is this fairly clear distinction between the statutory and the regulatory definition? The statutory definition is broader. It remains to be clear how much broader it is. The D.C. Circuit was recently tasked with construing the statutory definition and determining whether or not under the statutory definition, which includes this clause about any independent contractor performing services at a mine being an operator, whether that meant... I'm not sure it says that. You can read it two ways. One, this is the statute now. Operator means any owner or person who controls or supervises a coal mine or any independent contractor. The supervises could be the verb for a coal mine, an independent contractor, so that the definition still means owner, lessee, or the person who operates, controls, or supervises a coal mine or other independent contractor. I see. Supervises A or B. And you guys all seem to be conceding to read it that that final or clause refers back to the original verse that operator means independent contractor. But it may not go back that far. It's a grammatical problem, ambiguity, but I think a reg for purposes of reporting could define operator more narrowly for the purposes of reporting and not be inconsistent. As it has in this case. And as I mentioned in my brief, a number of courts have tangled with the statutory definition of operator and what that independent contractor clause means, this court being one of them, but obviously it's not necessary to reach it in this case. Thank you. Thank you. Well, if there are no further questions, I'll rest on my briefs. Thank you, Mr. Lord. Mr. Denison, you have some time remaining. I would like to address at least one of the issues here with we're discussing the definition of operator and the judge has relied on the regulatory definition of operator in 50.2C1, but the way that it's been addressed by MSHA and by the secretary is to expand that definition to include independent contractor. They may be wrong on that, but that's not the issue here. You can't raise an independent contractor who was cited might be able to come up and challenge that, but you're concededly an operator and the fact that they include in their requirement independent contractors to be operators in practice doesn't help you because the regulation still says each operator, number one. And number two, they'd like to have the name. That form is just not as sure. It identifies the mine location, but the first report showed Bates' name as the company involved and it showed Bates' ID number and then it showed Bates' employee signing it. So the question of how do you keep statistics, how do you attribute this to the mine operator, how do you know the mine operator even knew about this incident? This is a very minor incident. It was a little cut and it's very easy that this would not have been reported. Can I answer that? The supervisor. So my point is that the definition of how they applied it. Can I answer your question?  In a real world application of this, the injury occurs at a mine and it's reportable. The people involved at the mine, they know about that injury. They know that somebody has been injured at their mine and that there has been a lost work time. That's why the agency knows that because of the mine ID. In this application, the mine ID. How does the agency know that the owner knows? The owner is responsible for putting in. I mean, we could have had a serious injury here and it would have never been reported. They carted off the employee, the independent contractor carted off the employee and nobody knew about it. Well, there would be an immediate, if the injury was serious enough with a reasonable potential to cause death, there would be an immediate reporting requirement which is covered under 50.10. But that's not what we have here. What we have is just this form. The MSHA ID, in fact, for the mine, follows that operator. That's how MSHA is calculating. When this form gets sent to Denver, that's how they're calculating whether or not it says Dickinson Russell Coal Company on it. That ID, if you go on MSHA. Are your arguments, you constantly fall into how they treat other people under this, whether they require reporting and how they record this. Is your argument essentially that the regulation imposes requirements that are really unnecessary and therefore is irrational? I believe that it's not only unnecessary, but I think that it's unreasonable to require double reporting. Have you challenged the reg? We're challenging the regulation as it's been applied to Dickinson Russell in this case. As it's written. You haven't challenged it in your brief, have you? No. The legitimacy of the regulation? No, Your Honor, we haven't. But we have challenged MSHA's application and interpretation of that regulation. Because as I see it in the different cases that we have here, Ames Construction and the D.C. Circuit, they are expanding the definition of operator at every turn. So while they're saying, yes, Dickinson Russell Coal Company is the owner-operator and that's who's required to report here, in other cases they're not saying that. And in all these other cases you have that they're relying on where they can cite both the operator, the owner-operator and the independent contractor, there was actually a violation that happened as a result of something that the independent contractor did. Could I ask just a short factual question? Yes, Your Honor. My notes reflect that the ALJ acknowledged that Bates met the statutory definition of operator. Do you recall that at all? Yes, Your Honor. Okay, so that really wasn't challenged? No, I believe that that was challenged. I believe because ultimately... Challenged by whom? Well, it wasn't certainly challenged by us. And I think if you look at the brief from the Secretary, they don't really want to get into that because I believe that they are purposely leaving this open in order to... It was a sort of straight up and down question. Is anybody challenging... That Bates was an operator? Before us? No, I believe Bates was an operator, Your Honor. Thank you. Any more questions? Thank you. Thank you, Mr. Denison. We'll come down and recouncil and then take a break, five to ten minutes.
judges: William B. Traxler, Jr., Paul V. Niemeyer, Allyson K. Duncan